IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

JAMES RUSSELL,

   Plaintiff,

v.                             CASE NO.:

EXETER FINANCE CORP.,

   Defendant.
_____/

**COMPLAINT**

COMES NOW, Plaintiff, James Russell, by and through the undersigned counsel, and sues Defendant, EXETER FINANCE CORP., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

**INTRODUCTION**

1. The TCPA was enacted to prevent companies like EXETER FINANCE CORP. from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings

presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. Venue is proper in this District as Plaintiff resides within this District (Jessamine County, Kentucky), the violations described in this Complaint occurred in this District and the Defendant transacts business within Jessamine County, Kentucky.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Kentucky, residing in Jessamine County, Kentucky.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant, EXETER FINANCE CORP., is a corporation which was formed in Texas with its principal place of business located at 222 W. Las Colinas Blvd., Suite 1800, Irving, TX 75039 and which conducts business in the State of Kentucky through its registered agent, Corporation Service Company, located at 421 West Main Street, Frankfort, KY 40601.

11. EXETER FINANCE CORP. called Plaintiff approximately 350 times since March 2015, in an attempt to collect a debt.

12. Upon information and belief, some or all of the calls EXETER FINANCE CORP. made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify

that his knew it was an autodialer because of the vast number of calls he received and because he heard a pause when he answered his phone before a voice came on the line.

13. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (859) \*\*\*-6571, and was the called party and recipient of Defendant's calls.

14. Beginning on or about March, 2015, EXETER FINANCE CORP. began bombarding Plaintiff's cellular telephone (859) \*\*\*-6571 in an attempt to collect on an auto loan.

15. The auto-dialer calls from Defendant came from telephone numbers including but not limited to (800) 321-9637, and when that number is called a pre-recorded voice or agent answers and identifies the number as belonging to EXETER FINANCE CORP.

16. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to sixteen (16) times a day from approximately March 2015 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

17. Plaintiff revoked his consent to be called by the EXETER FINANCE COPR. by requesting that the calls stop shortly after the calls began in March 2015. Specifically, the Plaintiff spoke with agents of Defendant and requested that Defendant stop calling and to only communicate with him via US Mail. Each call EXETER FINANCE CORP. made to the Plaintiff's cell phone after said revocation was done so without the "express permission" of the Plaintiff and in violation of the TCPA

18. Plaintiff estimates approximately three hundred (300) calls to his cell phone post-revocation.

19. EXETER FINANCE CORP. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

20. EXETER FINANCE CORP. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or EXETER FINANCE CORP., to remove the number.

21. EXETER FINANCE CORP.'s corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to EXETER FINANCE CORP. they do not wish to be called.

22. EXETER FINANCE CORP. has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

23. EXETER FINANCE CORP. has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

24. EXETER FINANCE CORP. has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

25. EXETER FINANCE CORP.'s corporate policy provided no means for Plaintiff to have Plaintiff's number removed from EXETER FINANCE CORP. call list.

26. EXETER FINANCE CORP. has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

27. Not one of EXETER FINANCE CORP.'s telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

28. EXETER FINANCE CORP. willfully and/or knowingly violated the TCPA with respect to Plaintiff.

29. As a result of the answered and unanswered calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress, and aggravation. Due to both answered and unanswered calls, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while ringing, waste of Plaintiff's time, causing the risk of personal injury due to distraction, and trespass upon Plaintiff's chattels. All of the abovementioned were caused by, and/or directly related to, Defendant's attempts to collect a debt from Plaintiff through the use of automated/predictive dialing technology.

## COUNT I
**(Violation of the TCPA)**

30. Plaintiff fully incorporates and realleges paragraphs one through twenty=-nine (1-29) as if fully set forth herein.

31. EXETER FINANCE CORP. willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular

telephone after Plaintiff notified EXETER FINANCE CORP. that Plaintiff wished for the calls to stop

32.     EXETER FINANCE CORP. repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against EXETER FINANCE CORP. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*s/ Leeann Thornhill*

Leeann Thornhill, Esquire
Wasson & Thornhill, PLLC
3000 Breckenridge Lane
Louisville, Kentucky 40220
T: (502) 964-7878
F: (855) 257-9256
andrea@wassonthornhill.com
leeann@wassonthornhill.com